NAN CHEN, Petitioner,

v.

Eric H. HOLDER, Jr., United States
Attorney General, Respondent.

No. 09–1504–ag.

United States Court of Appeals,
Second Circuit.

Jan. 7, 2010.

Henry Zhang, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Nan Chen, a native and citizen of the People's Republic of China, seeks review of a March 16, 2009 order of the BIA, affirming the January 11, 2007 decision of Immigration Judge ("IJ") Douglas Sheppard, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nan Chen,* No. A098 718 248 (B.I.A. Mar. 16, 2009), *aff'g* No. A098 718 248 (Immig. Ct. N.Y. City Jan. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002) ("While we no doubt have the power to address an argument despite its abandonment on appeal, we ordinarily will not do so 'unless manifest injustice otherwise would result.'" (quoting *Anderson v. Branen,* 27 F.3d 29, 30 (2d Cir.1994))). As the government correctly argues, Chen does not challenge the dispositive findings underlying the agency's denial of her application for relief, but simply provides several pages of boilerplate law and states in conclusory fashion that she established a well founded fear of future persecution. Because Chen

fails to raise any specific arguments challenging the agency's determination, and we are satisfied that no manifest injustice is implicated here, any such challenge is deemed waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).